UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BELTRAN, et al., | No. 2:23-cv-01670-DC-CKD |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL |
| DOCTORS MEDICAL CENTER OF MODESTO, et al., | (Doc. No. 49) |
| Defendants. | |

On June 30, 2025, Plaintiffs filed a request to file under seal their unredacted first amended class action complaint and file publicly a redacted version of their amended class action complaint. (Doc. No. 49.) Plaintiffs assert that redactions to portions of the first amended class action complaint they intend to file are required because Plaintiffs' allegations include sensitive and private information relating to Plaintiffs' past and present health conditions, diagnoses, and healthcare. (*Id.* at 2.) Defendants did not submit any opposition to Plaintiffs' request to seal. For the reasons explained below, the court will grant Plaintiffs' request to file under seal their unredacted amended class action complaint.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such

as a complaint and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-cv-02684-FWS-ADS, 2025 WL 819070, at *1 (C.D. Cal. Feb. 4, 2025) (applying "compelling reasons" standard to a request to seal the complaint and explaining that "because a complaint is 'the foundation of a lawsuit,' the court concludes that it is more than 'tangentially related to merits' of the case") (citation omitted). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

"Medical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal." *United States v. Lopez-Perez*, No. 1:14-cr-0045-AWI, 2021 WL 809396, at *1 (E.D. Cal. Mar. 3, 2021); *see also Cousin v. Sharp Healthcare*, No. 3:22-cv-02040-MMA-DDL, 2023 WL 6370771, at *1 (S.D. Cal. Aug. 14, 2023) (granting motion to file portions of amended complaint containing confidential and sensitive health information under seal); *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (noting that "medical records are deemed confidential under the Health Insurance Portability and Accountability Act" and that "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records") (internal quotation marks omitted) (citing cases).

Here, the court finds Plaintiffs have shown compelling reasons exist to grant their request to seal given the confidential and sensitive personal health information contained in their proposed first amended class action complaint. In addition, the court has reviewed the proposed redactions and finds them to be narrowly tailored to protect Plaintiffs' personal health information from public disclosure. The court will therefore grant Plaintiffs' request to seal.

Accordingly,

1. Plaintiffs' request to seal (Doc. No. 49) is GRANTED;

2. Within three (3) days from the date of this order, Plaintiffs shall file a redacted version of their first amended class action complaint; and

3. Within three (3) days from the date of this order, Plaintiffs shall also email a PDF copy of the unredacted version of their first amended class action complaint to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated: **July 25, 2025**

Dena Coggins
United States District Judge